UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-CV-81417-ROSENBERG/HOPKINS

MARK BERRADA,

     Plaintiff,

v.

GADI COHEN & PNY TECHNOLOGIES,
INC., a Delaware corporation,

     Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO
TRANSFER VENUE AND DENYING AS MOOT DEFENDANT
COHEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

**THIS CAUSE** is before the Court upon Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) [DE 33]. The Motion has been fully briefed. In light of the substantial connection that this case has with the District of New Jersey, the Motion is granted as more fully described below.

This is a breach of contract case arising out of an oral and written consultancy agreement. This action was initially filed in Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Defendants removed this action to the Southern District of Florida based on complete diversity of the parties and based upon federal question jurisdiction (Plaintiff has also brought claims under the federal Fair Labor Standards Act). Defendants have moved to transfer this case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[1]

_____

[1] The parties do not dispute that this case could have been brought in the District of New Jersey.

The standard for transfer under § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can only be overturned for a clear abuse of discretion. *See Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991); *see also Gonzalez v. Pirelli Tire, LLC*, No. 07-80453-CIV, 2008 WL 516847 (S.D. Fla. Feb. 22, 2008) (collecting many of the cases cited below).

Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to litigants, witnesses, and the public and to conserve time, energy, and money. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

Generally, the factors to be considered are the "[p]laintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Eye Care Intern., Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1317-18 (M.D. Fla. 2000) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Each relevant factor is considered in turn.

### Choice of Forum

Generally, the plaintiff's choice of forum is given considerable deference. *In re Ricoh Corp.*, 870 F.2d at 573. However, where the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled to less consideration. *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985); *Balloveras v. Purdue Pharma Co.*, No. 04-20360, 2004 WL 1202854, at *1 (S.D. Fla.

2004); *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash. 2005); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 987 (E.D.N.Y.1991) ("[W]here the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and is in fact given reduced significance.").

Here, the facts giving rise to Plaintiff's complaint are that Plaintiff traveled to New Jersey, that he entered into an alleged oral agreement in New Jersey, that the agreement was with a New Jersey company, that Plaintiff was provided office space in New Jersey, and that Plaintiff used office space in New Jersey.  *See* DE 1; DE 28-1; 34-1.  By contrast, the connection Plaintiff's claims have with the state of Florida appears to be that Plaintiff resides in Florida, Plaintiff received telephone calls in Florida relevant to this case, Plaintiff engaged in some substantive work in Florida, and Plaintiff met with employees of Defendant in Florida. Notwithstanding these connections with the state of Florida, Plaintiff also engaged in very substantial work outside of the state.  In light of the significant connection New Jersey has with Plaintiff's claims, the Court finds that Plaintiff's election to file his case in Florida is entitled to less than normal deference.  *See, e.g.*, *SMA Portfolio Owner, LLC v. CPX Tampa Gateway OPAG, LLC*, No. 8:11-cv-1925, 2014 WL 4791997, at *5 (M.D. Fla. Sept. 22, 2014) ("[I]n choosing a 'proper forum' in a breach of contract action, a district court must consider where the parties executed the contract and where the alleged breach of the contract occurred.").

## **Convenience of the Parties**

Plaintiff resides in Florida.  Both Defendants are located in New Jersey.  Because no Defendant is connected to Florida and because Plaintiff resides here, this factor, although it is not

of great significance, weighs in favor of keeping this action in the Southern District of Florida.

### Defendants' Witnesses

Convenience of witnesses is the primary deciding factor in granting a motion to transfer under § 1404(a). *See, e.g.*, *Graebel Van Lines*, 761 F. Supp. at 987 ("The convenience of both the party and non-party witnesses is probably considered the most important factor in the analysis whether a transfer should be granted."). Although Defendants do not delineate their witnesses with specificity, it is Defendants' contention that (i) none of the key witnesses in this case, except for Plaintiff, reside in the state of Florida and (ii) most, if not all, of the key witnesses in this case (again, other than Plaintiff) reside in New Jersey. Defendants' argument on this point *is* specific, however, with respect to the witnesses that Plaintiff intends to call as more fully described below.

### Plaintiff's Witnesses

Defendants have provided an e-mail wherein Plaintiff has listed the initial witnesses he intends to depose—none of whom reside in Florida and approximately half of whom reside in New Jersey. In response, Plaintiff proffers witnesses from third-party companies that he may call who either reside or work in Florida. The importance of Plaintiff's newly-proffered witnesses is belied by the fact that *none* of these witnesses are listed in Plaintiff's Rule 26 disclosures.[2] Instead, of the 20 witnesses listed by Plaintiff, 12 reside in New Jersey and 8 reside in other states. Upon examination of Plaintiff's proffered witnesses who reside in Florida, and upon comparing the importance of those witnesses to witnesses who reside elsewhere, the Court concludes that Plaintiff's Florida-based witnesses are of comparatively lesser importance. It is

---

[2] Notably, Plaintiff had the opportunity to review the instant Motion to Transfer before serving his Rule 26 disclosures.

therefore the Court's conclusion that, except for Plaintiff, the vast majority of the key witnesses in this case reside in New Jersey.  The location of key witnesses in this case therefore weighs in favor of transferring this case to the District of New Jersey.  *See Pirelli Tire*, 2008 WL 516847 at *4 (noting that the live testimony of key witnesses results in a more effective means for a trier of fact to come to a just result).

### The Parties' Respective Financial Ability to Bear the Cost of Change

Although Plaintiff argues that he should not bear the financial costs associated with transfer, this argument is belied by the fact that Plaintiff executed a Nondisclosure Agreement[3] with Defendants wherein Plaintiff agreed to submit all disputes arising from that agreement to a New Jersey forum.  DE 34-1.  Plaintiff has therefore already agreed to submit some of his disputes with Defendants to a New Jersey court, together with the financial costs associated with doing so.  To the extent this factor slightly favors Plaintiff as the party of lesser means, it is outweighed by all other factors in this case.

### Relative Ease of Access to Sources of Proof and Location of Documents

In light of the prevalence of electronic discovery, the Court finds that these factors do not weigh heavily in favor of Plaintiff or Defendants, although the Court notes that most of the key documentary evidence in this case is likely located in New Jersey.  As a result, this factor slightly favors transfer of this case to the District of New Jersey.

### Public Interest Factors

A transfer of this case to the state of New Jersey would serve the interests of justice. The acts giving rise to this case occurred in large part in New Jersey.  New Jersey law will likely

---

[3] The Court does not find that the Nondisclosure Agreement governs any of Plaintiff's claims—the Agreement merely serves to show that Plaintiff has agreed to litigate disputes in New Jersey for other types of claims and to incur the financial expense that stems from litigation in a New Jersey court.

apply to Plaintiff's breach of contract claims. A trial in New Jersey is much more likely to be based upon the presentation of live testimony by the key witnesses for all parties, resulting in a more effective means for the trier of fact to come to a just result. Finally, as evidenced by Defendant Gadi Cohen's pending motion to dismiss for lack of personal jurisdiction, this Court's jurisdiction over Mr. Cohen has been called into question. The state of New Jersey clearly has personal jurisdiction over Mr. Cohen in light of his residence in that state.

In conclusion, when compared to the connection the District of New Jersey has with this case, the connection this District has with Plaintiff's case is tenuous. The Court therefore finds that for the convenience of the parties and witnesses in this case, and in the interests of justice, this case should be transferred to the District of New Jersey. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Transfer Venue [DE 33] is **GRANTED** and Defendant Cohen's Motion to Dismiss for Lack of Personal Jurisdiction [DE 26] is **DENIED AS MOOT**. **The Clerk of the Court is hereby directed to transfer this case to the United States District Court for the District of New Jersey. This case is closed.**

**DONE and ORDERED** in Chambers at Fort Pierce, Florida, this 2nd day of February, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record