UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK BERRADA,<br><br>    Plaintiff,<br>v.<br><br>GADI COHEN, *et al.*,<br><br>    Defendants. | Civil Action No.<br><br>16-574 (SDW) (LDW)<br><br>MEMORANDUM OPINION AND ORDER |

      Before the Court is plaintiff Mark Berrada's motion to seal two excerpts from an August 24, 2016 letter filed on the Court's docket by defendants' counsel.[1] Plaintiff's reply motion papers acknowledge that both excerpts are quotes from publicly available court documents in family court proceedings in which plaintiff was involved in New York and Oregon. One excerpt consists of quotations concerning plaintiff's credibility from a December 2008 Opinion of a New York family court, attached to a judgment filed in Oregon state court. (ECF Nos. 141 at 1; 160-2 ¶ 6). The other includes quotations from a 2010 psychological report of plaintiff apparently used by his ex-wife in a matrimonial proceeding in an Oregon court; the report was appended to a brief filed in that court in November 2013. (ECF Nos. 141 at 2 n.2; 160-1 ¶ 8). The quoted documents reportedly have been publicly available for years, with no application to seal them having been filed by plaintiff in their courts of origin.

      Plaintiff acknowledges on reply, as he must, that there is no basis to seal public court records under Local Civil Rule 5.3. Accordingly, he withdraws his motion to seal under that Local Rule.

---

[1] The unredacted letter is sealed on the Court's docket at ECF Number 141, and a redacted form of the letter is at ECF Number 156.

Plaintiff continues to assert, however, that he is entitled to sealing of the two excerpts from publicly available court documents under Federal Rule of Civil Procedure 26(c)(1). He argues that the excerpts are from private documents, are taken out of context, and are being used to harass, embarrass, and oppress him by virtue of being on this Court's docket. He further contends that the quotations are not relevant to this case and may restrict his employment prospects. (ECF No. 157-4).

Federal Rule of Civil Procedure 26(c)(1) provides:

> A party or any person **from whom discovery is sought** may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c)(1) (emphasis added). As the Rule plainly provides, it applies only to materials sought or produced in discovery. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33-35 (1984); *West Penn Allegheny Health Sys., Inc. v. UPMC*, Civ. A. No. 09-cv-480 (AJS), 2012 WL 512681, at *7 (W. D. Pa. Feb. 14, 2012). It does not apply to publicly available court documents that are obtained, as here, outside the discovery process. *Seattle Times Co.*, 467 U.S. at 34; *West Penn Allegheny Health Sys., Inc.*, 2012 WL 512681, at *7-8; *see also* ECF Nos. 160-1, 160-2 (Exhs.) (detailing the public records requests by defendants' counsel through which the judicial records were obtained).

As is readily apparent from even the most cursory review of applicable law, there is no legal basis to seal publicly available information, whether under Rule 26 or any other statute or rule.[2] *See Kirschling v. Atlantic City Bd. of Educ.*, Civ. A. No. 11-4479 (NLH), 2014 WL 5320162,

---

[2] Although the documents may be more readily accessible from this Court's electronic docket than from the paper-based docket in the Oregon court, that does not affect the Court's

at *3 (D.N.J. Oct. 17, 2014) (declining to seal documents available to the public); *Younes v. 7-Eleven, Inc.*, Civ. A. Nos. 13-3500, 13-3715, 13-4578 (JS), 2014 WL 1959246, at *4 (D.N.J. May 15, 2014) (same); *Janssen Products, L.P. v. Lupin Ltd.*, Civ. A. No. 10-5954 (WHW), 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014) (same); *cf. Constand v. Cosby*, 833 F.3d 405 (3d Cir. 2016) (deeming moot appeal from order lifting seal of discovery motions and supporting documents, reasoning that the unsealed documents had already been made public through several news organizations before the appeal was filed or the district court could rule on a stay motion). Indeed, this District's standard Discovery Confidentiality Order found in Appendix S to the Local Civil Rules, which was entered in this case at ECF No. 137, makes clear that even if these documents had been obtained through the discovery process (which they were not), they could not have been designated as confidential under the terms of the Order. (ECF No. 137 at 8 ¶ 14) ("No information that is in the public domain . . . shall be deemed or considered to be confidential under this Discovery Confidentiality Order.").

Accordingly, as plaintiff has not shown good cause for sealing ECF No. 141,

**IT IS on this 6th day of March, 2017:**

**ORDERED** that plaintiff's motion to seal (ECF No. 157) is **DENIED** and is to be terminated by the Clerk; and it is further

**ORDERED** that, if an appeal is not filed within 14 days, ECF No. 141 shall be unsealed by the Clerk of Court in accordance with Local Civil Rules 5.3(c)(8) and 72.1(c)(1)(C); and it is further

---

analysis. Less ready *accessibility* of a paper-based judicial records system does not change the fact of the documents' *availability* to the public.

**ORDERED** that any Confidential designation under the Discovery Confidentiality Order of publicly available court documents is hereby deemed **STRICKEN**.[3]

*Leda Dunn Wettre*
Leda Dunn Wettre
United States Magistrate Judge

---

[3] Although the information is publicly available, the Court expects defendants to use appropriate discretion before placing non-germane, sensitive personal information about plaintiff on the public docket.