# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARK BERRADA,<br><br>    Plaintiffs,<br><br>v.<br><br>GADI COHEN, PNY<br>TECHNOLOGIES, INC.,<br><br>    Defendants. | **Civil Action No.**<br><br>**16-574 (SDW) (LDW)**<br><br><br>**MEMORANDUM OPINION AND**<br>**ORDER** |

## LEDA DUNN WETTRE, U.S.M.J.

Before the Court is plaintiff Mark Berrada's motion under Federal Rule of Civil Procedure 15(a)(2) for leave to file an Amended Complaint to add new factual allegations, remove claims for unpaid wages asserted under Florida common law, and include new claims of fraud, promissory estoppel, quantum meruit, and for violations of the New Jersey Wage Payment Act, the New Jersey Wage and Hour Law, and the New Jersey Independent Sales Representative Act. (ECF No. 161). By supplemental brief, plaintiff also moves to add a claim of retaliation under the Fair Labor Standards Act ("FLSA"). (ECF No. 173). Defendants Gadi Cohen and PNY Technologies oppose the motion. (ECF Nos. 163, 174). For the reasons set forth below, plaintiff's motion is **GRANTED** in part, as to all amendments except for the proposed FLSA retaliation claim, and is **DENIED** in part, as to the FLSA retaliation claim only.[1]

---

[1]    This motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b).

## BACKGROUND

Plaintiff filed this action in state court in Florida in September 2015. (ECF No. 1-2). In October 2015, defendants removed the action to the United States District Court for the Southern District of Florida. (ECF No. 1). In February 2016, it was transferred here. (ECF No. 88).

Plaintiff's Complaint, which has not previously been amended, essentially alleges that defendants PNY and Gadi Cohen failed to compensate him fully for services he provided to PNY. PNY is a technology company that manufactures and sells electronics and electronics accessories. Cohen is its founder and CEO, among other titles. (ECF No. 1-2 ("Compl.") ¶ 10). Plaintiff claims experience in the development, marketing, and sales of "computer peripheral and electronics accessory" products. (*Id.* ¶ 8).

Plaintiff alleges that after being approached by defendant Cohen to start providing services to PNY, he entered into two contracts with PNY: an oral one, in September 2013 (the "2013 contract") and a written one, in July 2014 (the "2014 contract"). Under these contracts, plaintiff allegedly would receive, *inter alia*, percentages of sales proceeds and gross profits for certain PNY products in exchange for developing and launching new products, meeting with retailers, and other services. Plaintiff alleges that defendants have not compensated him in accordance with these agreements. (*Id.* ¶¶ 12-18). He asserts claims of breach of contract, unjust enrichment, unpaid wages under Florida law, and FLSA violations for failure to pay wages and overtime compensation. (*Id.* ¶¶ 21-60).

PNY counterclaims for breach of oral contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, unjust enrichment, and fraudulent and negligent misrepresentation. (ECF No. 8 (Counterclaim) ¶¶ 11-49). In support of these counterclaims, PNY

alleges that plaintiff failed to source and distribute shredders for PNY and manage PNY's portable power business, as promised. Defendants seek to recover the resulting business losses allegedly suffered. (*Id.* ¶¶ 4-10).

Plaintiff filed the instant motion to amend the Complaint on October 10, 2016. (ECF No. 161). At that time, the deadline set by the Pretrial Scheduling Order to seek to amend pleadings was October 14, 2016, and fact discovery was to be completed by December 31, 2016. (ECF No. 130). In February 2017, while the motion was *sub judice*, plaintiff sought leave to file a second motion to amend. (ECF No. 171). The Court allowed supplemental briefing on the proposed further amendments sought by plaintiff. (ECF Nos. 172, 173, 174).

Plaintiff's motion seeks to amend his complaint to add claims of fraud, promissory estoppel, quantum meruit as to both alleged contracts, and an FLSA retaliation claim. (*See* ECF No. 173-2 (Proposed Amended Complaint ("PAC")) ¶¶ 23-30, 46-51, 56-63). It further seeks to substitute New Jersey wage claims for those previously pleaded under Florida law. (*Id.* ¶¶ 64-68, 79-87).

The PAC also includes additional factual allegations not contained in the initial complaint. These concern defendants' alleged representations concerning his prospective employment at PNY (*Id.* ¶¶ 24-26), as well as revised allegations concerning the monies to which plaintiff allegedly was entitled under the 2013 contract. In the initial Complaint, plaintiff alleged that he was entitled under the 2013 oral contract to receive "5% of the sales proceeds of Accessories including new products that were sourced, developed, and/or managed by [plaintiff]" and "25% of the gross profit from the worldwide sale of such products." (Compl. ¶ 13). In contrast, the PAC alleges that under the 2013 contract, plaintiff was entitled to "5% of the worldwide gross sales of all accessories . . .

including existing products and new products that were managed, sourced, developed, . . . designed, marketed and/or sold by [plaintiff] or under his leadership . . . *for as long as those existing and new products are sold*" and "25% of the gross profit from the worldwide sales of such existing and new products *for so long as they are sold*." (PAC ¶ 12 (emphasis added)).

Defendants oppose the motion, arguing that plaintiff unduly delayed in filing the motion, the motion is prejudicial, and plaintiff filed it in bad faith. (ECF Nos. 163 at 9-14). They also argue that plaintiff's allegations about his commissions under the 2013 contract, claims regarding the 2014 contract, and FLSA retaliation claim, are futile. (ECF Nos. 163 at 14-18 and 174).

## DISCUSSION

### I.    Applicable Law

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is liberally granted in light of "the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted). Leave to amend should be granted unless there is "substantial or undue prejudice, . . . bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

Regarding futility, a proposed amendment is futile if it would fail to state a claim upon which relief could be granted, in accordance with "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It is defendants' burden to show the proposed amendments' futility. *See Pharm. Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). In evaluating a claim under the Rule 12(b)(6) standard, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint" and "matters of public record of which the court can take judicial notice." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks omitted).

The Court will address the proposed factual allegations and claims discussed in plaintiff's initial motion to amend first, and then the supplemental proposed FLSA retaliation claim.

## II.   Analysis of Initial Motion to Amend

### A. Undue Delay, Prejudice, and Bad Faith

Defendants argue that plaintiff unduly delayed in filing the motion and allowing plaintiff to file the PAC would prejudice them, for the following reasons. First, plaintiff was aware of the new allegations in the PAC when he filed the original complaint over a year ago. Second, the PAC will expand the scope of discovery, prevent the parties from meeting the fact discovery deadline, and force defendants to develop new litigation strategies. (ECF No. 163 at 9-13).

The Court finds that plaintiff did not unduly delay in filing his motion to amend and that allowing the proposed amendments would not substantially prejudice defendants. Plaintiff moved to amend on October 10, 2016, and the Court's Scheduling Order then required motions to amend to be filed by October 14, 2016. (ECF No. 130). As long as the amendment is timely sought

within a deadline set by the Court, it is difficult to prevail on an assertion of undue delay. *See, e.g., Astrazeneca AB v. Perrigo Co. PLC*, Civ. A. No. 15-1057 (MLC)(TJB), 2015 WL 8483298, at *4 (D.N.J. Dec. 8, 2015); *Ali v. DOC*, Civ. A. No. 08-2425 (FSH), 2008 WL 5111274, at *4 (D.N.J. Nov. 25, 2008).

While defendants contend that certain of the facts upon which the new claims are based were likely known to Plaintiff earlier than when he moved to amend, it is not unusual or *per se* prejudicial for a party to alter his claims during the course of litigation. Plaintiff suggests that while he may have known the facts underlying the fraud claim earlier, once it became clear that New Jersey law would apply (late in the action and upon transfer), he then found that New Jersey has a more liberal cause of action than Florida for fraud in the employment context. (ECF No. 166 at 7-8). Consequently, plaintiff did not unduly delay in seeking to add fraud-related claims under New Jersey law and replace Florida law claims with claims under New Jersey law after transfer of the action to this Court.

Moreover, plaintiff's new claims and allegations would not alter the scope of discovery in a significant way. Most of the discovery on the new claims of note (fraud, promissory estoppel) will likely concern defendant Cohen's representations to plaintiff, which has been the subject of discovery from the inception of this case. Regardless, the parties had not completed fact discovery at the time the motion was filed, and the short extension of that period the Court gave recently (ECF No. 185) should be sufficient to complete any necessary discovery as to the new claims. *See, e.g., High 5 Games, LLC v. Marks*, Civ. A. No. 13-7161 (JMV)(MF), 2017 WL 349375, at *4-5 (D.N.J. Jan. 24, 2017) (finding no undue delay or prejudice where discovery was ongoing, no dispositive motions had been filed, and the addition of some discovery would not realistically

delay resolution of the case since it was far from conclusion).[2]  Allowing plaintiff to file the PAC

will not prejudice defendants' ability to defend themselves in this action. *See In re Bristol-Myers

Squibb Sec. Litig.*, 228 F.R.D. 221, 228 (D.N.J. 2005) ("'Prejudice' . . . involves serous impairment

of the nonmovant's ability to present its case."). Nor will the filing of the PAC substantially delay

resolution of the action as it necessitates only a brief extension of fact discovery, which the Court

took into account in recently extending fact discovery through June 15, 2017. (ECF No. 185).

Finally, defendants argue that plaintiff filed the PAC in bad faith. They assert that before

seeing the PAC, they had requested discovery that would have been responsive to some of the

PAC's new allegations, but plaintiff objected to the request, pointing to a generalized objection.[3]

This objection, defendants argue, combined with the delayed filing of the PAC and plaintiff's scant

reasoning in his opening brief, prejudiced them and demonstrates bad faith. (ECF No. 163 at 13-

14). These arguments are unpersuasive. Defendants' assertions that plaintiff failed to provide

discovery on claims that had not yet been pleaded are insufficient to demonstrate bad faith,

particularly given the Court's findings that there was no undue delay or prejudice in plaintiff's

seeking to amend the Complaint. *See Diallo v. Alo Enters. Corp.*, Civ. A. No. 12-3762 (AET),

2013 WL 3772827, at *3 (D.N.J. July 17, 2013) ("Although delay itself can be evidence of bad

faith justifying the denial of a motion to amend, there generally must also be some extrinsic

---

[2]     All of the cases on which defendants rely to show undue delay and prejudice here
concerned motions to amend filed at a much later stage in the litigation. *See, e.g., Rolo v. City
Investing Co. Liquidating Trust*, 155 F.3d 644, 648, 654-55 (3d Cir. 1998); *Gasoline Sales, Inc. v.
Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994); *In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. at
228; *Duffy v. Charles Schwab & Co.*, Civ. A. No. 98-4595 (MLC), 2001 WL 1104689, at *1-3
(D.N.J. Sept. 4, 2004).
[3]     Defendants' relevant document requests concerned plaintiff's efforts to enter into a
business relationship, his classification as an employee versus an independent contractor, and
evidence of his matrimonial or child support proceedings. (ECF Nos. 163-5, 163-6).

evidence to indicate that a litigant acted in bad faith before a motion to amend will be denied on this ground."). Furthermore, while plaintiff's opening brief was indeed *pro forma* in nature, that does not constitute bad faith justifying denial of leave to amend under these circumstances. Therefore, the Court does not find that plaintiff acted in bad faith in seeking to amend the Complaint.

## B. Futility

Defendants argue that plaintiff's new allegations regarding his commissions under the 2013 contract are barred by judicial estoppel and therefore futile. Specifically, they argue that plaintiff admitted during a January 2016 discovery hearing before the Florida district court that his contract with PNY contained no provision regarding future wages. They also point to plaintiff's most recent FLSA statement of claim filed in the Florida district court, which calculates unpaid wages and overtime compensation for the dates of plaintiff's relationship with PNY only. (ECF No. 163 at 4-5, 15-16). Defendants argue that these positions are inconsistent with the PAC's allegation that plaintiff is entitled to future commissions under the 2013 contract, triggering judicial estoppel.

Although the January 2016 hearing transcript and FLSA statement of claim are outside the allegations in plaintiff's complaint, the Court may take judicial notice of those public filings for purposes of determining whether the proposed allegations regarding the 2013 contract would be barred by judicial estoppel. (ECF Nos. 82-1 (Tr.), 83-1 (FLSA Statement of Claim)). *See New Hampshire v. Maine*, 532 U.S. 742 (2001); *In re Merck & Co., Inc. Sec., Derivative, & ERISA Litig.*, Civ. A. Nos. 05-1151, 05-2367 (SRC), 2011 WL 3444199, at *3 (D.N.J. Aug. 8, 2011); *see also Orabi v. Attorney Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014).

Judicial estoppel "is a judge-made doctrine that seeks to prevent a litigant from asserting

a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996). *See, e.g., Scarano v. Cent. R. Co. of N.J.*, 203 F.2d 510, 513 (3d Cir. 1953) (holding plaintiff could not obtain damages from employer for a work-related injury on the grounds that he was incapacitated and then bring a separate action for reinstatement under the terms of a collective bargaining agreement). "[It] applies only where a litigant has taken a legal position that is 'clearly inconsistent' with an earlier position, has succeeded in persuading a court in accepting the earlier position and has or would derive an unfair advantage from having courts accept the inconsistent positions." *In re Merck & Co., Inc. Sec., Derivative, & ERISA Litig.*, 2011 WL 3444199, at *3 (quoting *New Hampshire*, 532 U.S. at 750).

Here, it does not appear judicial estoppel applies to plaintiff's new allegations regarding the 2013 contract. The January 2016 hearing transcript reveals that the issue before the Florida court at the hearing was whether plaintiff would be entitled to future wages based on the alleged FLSA violations because he expected to work for PNY until retirement, and was therefore entitled to discovery on that information. Plaintiff conceded during the hearing that the 2014 written contract was "silent" as to whether he was entitled to a future share in in PNY profits. The Florida district court ruled that plaintiff was not entitled to discovery on future wages, without prejudice, because plaintiff provided no authority showing he would be entitled to future wages under the FLSA. (ECF No. 82-1 at 8-14). Plaintiff then filed an amended FLSA statement of claim estimating his unpaid wages and overtime compensation, for 2013-2015 only. (ECF No. 83-1).

In the PAC, plaintiff asserts that he was promised commissions on certain PNY products for as long as they are sold under the 2013 oral contract (which apparently would include products

sold after plaintiff's relationship with PNY ended). This allegation is not inconsistent with the positions plaintiff took at the January 2016 hearing or in his amended FLSA statement of claim. The primary issue at the January 2016 hearing was whether plaintiff would be entitled to damages for unpaid future wages based on his claims under FLSA, not the 2013 contract. The fact that he admitted during the hearing that the 2014 written contract is silent as to future wages does not controvert his assertion now that he is entitled to future commissions on certain PNY products under the 2013 *oral* contract. Similarly, the updated FLSA statement of claim concerned plaintiff's alleged unpaid wages and overtime compensation as to his FLSA claims, not his alleged commissions under the 2013 contract. Furthermore, the Florida court stopped short of ruling that plaintiff could *never* argue that he is entitled to future wages of some kind, but denied plaintiff's motion to compel discovery on that issue without prejudice. Accordingly, plaintiff's allegations do not appear to be futile based on judicial estoppel.

Defendants also argue that plaintiff's alleged claims as to the 2014 contract are futile because the parties never entered into the 2014 contract. (ECF No. 163 at 17). But whether the parties entered into the 2014 contract is hotly disputed in this case, and not an issue to be decided on a futility analysis where the allegations of the PAC must be accepted as true. *See C.I.N. Const., LLC v. Hunt Const. Grp., Inc.*, Civ. A. No. 08-5810 (SDW) (MCA), 2009 WL 2998965, at *15 (D.N.J. Sept. 18, 2009) (rejecting futility arguments based on "disputed factual matters"). The Court cannot find futility as to claims concerning the 2014 contract at this time.

### III.    Analysis of Proposed FLSA Retaliation Claim

By supplemental brief, plaintiff also seeks to add a claim of retaliation under the FLSA. (ECF No. 173). He asserts in the brief that Cohen, when questioned at deposition about the

counterclaims, stated that plaintiff "sued us, so we have to reply" and the counterclaims were "a strategy we worked out with counsel." (*Id.* at 5-6). Plaintiff argues that these statements demonstrate that the counterclaims were brought with a retaliatory motive. He also asserts that many of the facts underlying the counterclaims are false, based on quotes from Cohen's deposition. (*Id.* at 5-7).

Defendants assert in response that the proposed FLSA retaliation claim is futile because plaintiff was no longer working for PNY when PNY brought its counterclaims, and is therefore not protected by the FLSA's retaliation provision. In any event, they argue, counterclaims (especially compulsory counterclaims) cannot form a basis for an FLSA retaliation claim because a counterclaim is not, "as a matter of law," an adverse employment action. (ECF No. 174 at 2-5). They further contend that even if a counterclaim could form a basis for a retaliation claim, it must be "baseless" to be considered retaliatory, and PNY's counterclaims are not baseless. (*Id.* at 5-10).

Under the FLSA, it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." 29 U.S.C. § 215(a)(3). This provision "'must not be interpreted or applied in a narrow, grudging manner.'" *Brock v. Richardson*, 812 F.2d 121, 124 (3d Cir. 1987) (quoting *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 312 U.S. 590, 597 (1944)). To state a claim for FLSA retaliation, plaintiff must "plead[] sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence . . . [that] the employer took an adverse employment action against [him]." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (discussing pleading standard for Title VII

11

retaliation claims); *see also Shakib v. Back Bay Rest. Grp., Inc.,* Civ. A. No. 10-4564 (DMC), 2011 WL 4594654, at *7 (D.N.J. Sept. 30, 2011) (applying same standard to FLSA retaliation claims). An adverse employment action "covers . . . employer actions that would have been materially adverse to a reasonable employee or job applicant." *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 57 (2006) (discussing Title VII antiretaliation provision). In the context of *Burlington,* that meant "that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Id.*; *see also Stewart v. Pemberton Twp.*, Civ. A. No. 14-6810 (RBK)(AMD), 2015 WL 5164717, at *4 (D.N.J. Sept. 2, 2015) (applying *Burlington* standard to FLSA retaliation claim).

Defendants argue initially that plaintiff is not protected by the FLSA because he was not working for PNY at the time PNY brought its counterclaims. They rely on a District of Columbia case stating that a former employee "does not fit within the group of people *Burlington* seeks to protect." *Gross v. Akin, Gump, Strauss, Hauer & Feld, LLP,* 599 F. Supp. 2d 23, 33 (D.D.C. 2009). The Court disagrees. The Supreme Court has held that the term "employees," as used in the antiretaliation provision of Title VII, includes former employees. *Robinson v. Shell Oil Co.,* 519 U.S. 337, 346 (1997). And although the Third Circuit has not addressed this issue, the Fourth Circuit has persuasively held that *Robinson*'s holding applies to the FLSA in the context of a retaliation claim, observing "the almost uniform practice of courts in considering the authoritative body of Title VII case law when interpreting the comparable provisions of other federal statutes." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 342 (4th Cir. 2008). As the *Darveau* court notes, there are "no significant differences in either the language or intent" of the Title VII and the FLSA antiretaliation provisions and that both statutes have the same "general definitions of 'employee.'"

12

*Id.* *Compare* 29 U.S.C. § 203(e)(1) (FLSA), *with* 42 U.S.C. § 2000e(f) (Title VII). This Court, agreeing with the *Darveau* court's analysis, finds that the fact that plaintiff indisputably was not an employee of PNY when PNY filed its counterclaims does not bar the retaliation claim as futile.

Defendants also argue that a counterclaim is not an adverse employment action as a matter of law. The Third Circuit and this District have yet to address this issue directly, and other federal courts are in conflict. *Compare Darveau*, 515 F.3d at 343, *and Parry v. New Dominion Const., Inc.*, Civ. A. No. 14-1115, 2015 WL 540155, at *7-8 (W.D. Pa. Feb. 10, 2015), *with Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 532-33 (5th Cir. 2003), *and Gross*, 599 F. Supp. 2d at 33-34. Several courts have held that a counterclaim might be able to constitute a materially adverse action sufficient to state a retaliation claim under the FLSA, but only if the counterclaim is "baseless." *See, e.g., Jones v. Judge Tech. Servs. Inc.*, Civ. A. No. 11-6910, 2013 WL 5777159, at *7-8 (E.D. Pa. Oct. 25, 2013); *Eng-Hatcher v. Sprint Nextel Corp.*, Civ. A. No. 07-7350 (KNF), 2008 WL 4865194, at *4 (S.D.N.Y. Oct. 31, 2008); *Beltan v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 833-35 (N.D. Ill. 2006).

The Court is unwilling to conclude, at this time, that a counterclaim could *never* be the basis for a retaliation claim under the FLSA. The FLSA's retaliation provision is quite expansive, making it unlawful to "discharge or *in any other manner discriminate* against any employee" for filing a complaint under the FLSA. 29 U.S.C. § 2159(a)(3) (emphasis added). Moreover, the *Burlington* Court made clear that in retaliation cases, an adverse employment action may "extend[] beyond workplace-related or employment-related retaliatory acts and harm." *Burlington*, 548 U.S. at 67. Counterclaims brought with a retaliatory animus could reasonably discourage current or former employees from bringing actions under the FLSA.

13

Nevertheless, this Court agrees with other courts holding that a counterclaim could be the basis of a retaliation claim only in rare cases where the counterclaim is brought with a retaliatory animus and is baseless. Otherwise, a plaintiff might argue that *any* counterclaim asserted in an FLSA action is retaliatory. Moreover, when the counterclaims are compulsory (as they are here), defendants must bring them or risk waiver. *See, e.g.*, *Beltran*, 426 F. Supp. 2d at 834.

The Court is not convinced that this is one of those rare cases. Courts applying the "baseless" standard have defined baseless as akin to "frivolous (and therefore sanctionable)." *Ergo v. Int'l. Merch. Servs., Inc.*, 519 F. Supp. 2d 765, 781 (N.D. Ill. 2007); *see also Kierstead v. Suter*, 903 F. Supp. 801, 802 (D.N.J. 1995) (explaining "a complaint is frivolous" under the *in forma pauperis* statute if "it lacks an arguable basis either in law or in fact" (internal quotation marks omitted)). Even if the counterclaims ultimately lack merit, that does not mean they are "baseless." Here, although plaintiff contests the facts underlying PNY's counterclaims, he does not plead, or even argue, that they are frivolous or sanctionable. The Court further notes that when PNY first filed its counterclaims, plaintiff did not even move to dismiss them for failure to state a claim, much less contend they were frivolous.[4] Plaintiff apparently did not consider these claims substantively frivolous when they were first filed, regardless of what he argues now about PNY's motivation in bringing them. The allegations in plaintiff's PAC provide no basis to conclude that PNY's counterclaims are baseless. Therefore, the Court finds the proposed FLSA retaliation claim is futile.

---

[4] Although plaintiff did file a motion for sanctions against defendants and their counsel pursuant to Federal Rule of Civil Procedure 11, that motion concerned defendants' representations about whether the parties actually entered into the 2014 contract. (ECF No. 54). It did not address the basis for PNY's counterclaims, which are based on plaintiff's alleged failures to develop and sell shredders and manage PNY's portable power business.

## CONCLUSION

For the foregoing reasons, it is hereby, **ORDERED** that Plaintiff's Motion to Amend the Complaint is **GRANTED** in part and **DENIED** in part. Plaintiff shall file an Amended Complaint consistent with this Order on or before May 1, 2017.


Dated: April 24, 2017

_Leda Dunn Wettre_
Hon. Leda Dunn Wettre, U.S.M.J.


cc: Hon. Susan D. Wigenton, U.S.D.J.