UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK BERRADA,<br><br>Plaintiff,<br><br>v.<br><br>GADI COHEN, PNY TECHNOLOGIES, INC.,<br><br>Defendants. | Civil Action No.<br><br>16-574 (SDW) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER** |

## LEDA DUNN WETTRE, U.S.M.J.

Before the Court is plaintiff Mark Berrada's motion for reconsideration of that portion of the Court's Opinion and Order of April 24, 2017 Opinion & Order (ECF No. 186) that denied him leave to assert a claim for retaliation under the Fair Labor Standards Act ("FLSA") on the ground that such a claim would be futile. (ECF No. 188). He further moves in the alternative for leave to file a Second Amended Complaint ("SAC") repleading the proposed FLSA retaliation claim. Defendants Gadi Cohen and PNY Technologies ("PNY") oppose the motion in its entirety. (ECF No. 199). For the reasons set forth below, plaintiff's motion is **DENIED**.

Familiarity with the background set forth in the Court's April 24, 2017 Opinion & Order is assumed. (*See* ECF No. 186). In short, that Opinion and Order granted, over defendants' objection, plaintiff's motion to assert six new claims in this action and to assert new factual allegations. The Court denied leave to assert only a single one of the seven proposed new claims on the ground that plaintiff's proposed claim for retaliation under the FLSA would be futile.

Plaintiff now requests that the Court reconsider the denial of leave to amend as to that single claim and, if reconsideration is not granted, to have the Court in the alternative grant his

motion to replead an amplified version of the proposed FLSA retaliation claim. The Court adheres to its original decision, finding that plaintiff has not demonstrated any error in its initial analysis.

## DISCUSSION

The Court first addresses plaintiff's motion for reconsideration of the Court's denial of leave for him to assert an FLSA retaliation claim. Next, the Court addresses his new motion to amend, which seeks leave to assert a repleaded form of the same FLSA retaliation claim.

### I.     Plaintiff's Motion For Reconsideration

The grounds for seeking reconsideration are limited. Local Civil Rule 7.1(i) requires a party seeking reconsideration to set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its decision. Reconsideration is appropriate only where the movant demonstrates "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Courts should be "loathe to [reconsider their decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." *Lesende v. Borrero*, 752 F.3d 324, 339 (3d Cir. 2014) (internal quotation marks omitted).

Reconsideration is not warranted here. Plaintiff seeks to assert an FLSA retaliation claim based on defendants' assertion of compulsory counterclaims that he contends are premised on false allegations and filed with a retaliatory motive. In analyzing the viability of the proposed claim, the Court gave plaintiff the benefit of the doubt as to several legal hurdles he faced in asserting such a claim. First, the Court held that although plaintiff's employment or consulting relationship

2

with PNY had terminated several years before the counterclaims were asserted, the absence of an employment relationship at the time defendants filed the counterclaims did not mean as a matter of law that the counterclaims could not constitute retaliation under the FLSA. (Opinion, ECF No. 186 at 12-13). Second, the Court rejected defendants' contention that the assertion of a counterclaim could *never* be considered an adverse employment action sufficient to state a retaliation claim under the FLSA. (*Id.* at 13).

Where the Court differed with plaintiff, however, was on the issue of whether under the circumstances here plaintiff could sustain a viable FLSA retaliation claim. Noting that it would be improper to conclude that the assertion of *any* counterclaim against a former employee who had asserted an FLSA claim could be considered retaliation under the FLSA, the Court adopted the standard followed in those courts holding that only a baseless—*i.e.*, frivolous and sanctionable— counterclaim could support an FLSA retaliation claim. *See id.* at 14.

Here, plaintiff does not persuade the Court any more on his second and third attempts than he did on his first that his proposed FLSA retaliation claim is viable. The counterclaims he contends are retaliatory are *compulsory* counterclaims that defendants were required to assert or risk waiving. Therefore, it was particularly unlikely plaintiff could bring a retaliation claim based on those counterclaims. *See Ergo v. Int'l. Merch. Servs., Inc.*, 519 F. Supp. 2d 765, 780-81 (N.D. Ill. 2007) ("The filing of a compulsory counterclaim is a particularly unlikely basis for a retaliation claim for a number of reasons: the FLSA plaintiff will have already asserted his or her rights, it will not cause the plaintiff to hire a lawyer or incur significant additional expenses, and (most significantly) the Defendant must bring compulsory counterclaims or risk waiving them."). Ultimately, the Court concluded that plaintiff's allegations did not suggest that the counterclaims

3

were baseless.

Although plaintiff argues that the Court "overlooked" the proposed allegation that the defendants' counterclaims contain "false allegations of fact," he is incorrect. The Court explicitly acknowledged that plaintiff's allegations contested the factual allegations underlying the defendants' counterclaims, asserting that they are "false." (ECF No. 186 at 10-11, 14). *See Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992) ("[T]he word 'overlooked' [is] the dominant term in [Local Civil Rule 7.1]. Only dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration."). Nevertheless, the Court found that the proposed FLSA claim was futile because plaintiff never pleaded or argued, and the PAC's allegations did not suggest, that the counterclaims were baseless. Plaintiff's quibbling over how the Court should have interpreted either his allegations or the fact that he did not move to dismiss the counterclaims does not establish an error that created a "manifest injustice." These arguments amount to disagreement with the Court's reasoning, which is inappropriate on a motion for reconsideration. *See Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) ("[A] difference of opinion with the court's decision should be dealt with through the normal appellate process.").

Essentially, plaintiff's motion for reconsideration argues that the Court should have assumed the truth of his conclusory and vehemently disputed assertion that the counterclaims are based on false facts. This is not proper given the history here, where plaintiff never moved to dismiss the counterclaims or otherwise asserted that they were frivolous when they were filed. Indeed, to conclude that plaintiff's FLSA retaliation claim is viable here would be akin to

4

announcing that such a claim may be asserted whenever a defendant asserts a counterclaim that plaintiff disputes in an action where the plaintiff has asserted an FLSA claim. The protective scope of a retaliation claim cannot extend this far without making the assertion of an FLSA retaliation claim itself a retaliatory tool against a former employer. Plaintiff has been granted leave to assert a host of new claims against his former employer. He should focus on concluding discovery on those claims. This proposed claim is futile.

## II. Plaintiff's Second Motion To Amend

To the extent that plaintiff seeks yet a *third* opportunity to assert the futile FLSA retaliation claim by moving in the alternative to amend his already amended complaint, his position is without merit. Assuming *arguendo* that the Court should reach the merits of this motion, which was filed after the date for amending pleadings in the scheduling Order and without leave of Court, the proposed amendments do not alter the Court's conclusion that the proposed FLSA retaliation claim would be futile.

As discussed in the April 24 decision, a counterclaim may support a FLSA retaliation claim "in rare cases where the counterclaim is brought with a retaliatory animus and is baseless," consistent with the holdings of district courts across the country. (*See* ECF No. 186 at 13-14). Baseless is "a powerful pejorative." *Orr v. James D. Julia, Inc.*, Civ. A. No. 07-51-B-W (MJK), 2008 WL 2605569 at *16 (D. Me. June 27, 2008). Federal courts have defined baseless as akin to "frivolous (and therefore sanctionable)." *Ergo*, 519 F. Supp. 2d at 781. Still others have concluded that the filing of a counterclaim violates the FLSA's retaliation provision if it was brought with a retaliatory motive and lacks a reasonable basis in law or fact. *See Parry v. New Dominion Const., Inc.*, Civ. A. No. 17-1115 (AJS), 2015 WL 540155, at *7 (W.D. Pa. Feb. 10, 2015); *Munroe v.*

5

*PartsBase, Inc.*, Civ. A. No. 08-80431, 2008 WL 19987777, at *3 (S.D. Fla. Nov, 20, 2008).

Here, plaintiff's attempts to remedy the defects in his prior motion are unavailing. First, his challenges to the legal merit of the counterclaims in his brief, which are based on his reading of certain New Jersey state court cases, do not convince the Court that defendants' counterclaims are baseless. Indeed, and as discussed in the April 24 decision, if the counterclaims were legally baseless, plaintiff could have moved to dismiss them, which he did not opt to do. Not having done so, it is improper for him to respond to the counterclaims by asserting a new claim contending that the counterclaims constitute FLSA retaliation.

Second, plaintiff's revamped allegations that the defendants' counterclaims are factually baseless do not alter the Court's decision either. In his earlier attempt to add an FLSA retaliation claim, plaintiff's proposed Amended Complaint alleged that defendants' counterclaims "contain false allegations of fact" and the decision to file them constituted "willful" retaliation in violation of the FLSA. (Am. Compl., ECF No. 173-2, at ¶¶ 89-92). In the proposed SAC, plaintiff's proposed FLSA retaliation count is substantively unchanged: he alleges that defendants' counterclaims "contain[] material allegations of fact that lack any evidentiary support, and which Defendants either know was false or acted in reckless disregard as to whether it is true," are "factually baseless," and would not have been filed absent this lawsuit.

Indeed, the only significant difference between the two proposed complaints is that in the proposed SAC, plaintiff also inserts new proposed factual allegations that contradict several of the specific factual allegations underlying defendants' counterclaims. For example, plaintiff's proposed allegations contradict defendants' allegations that plaintiff: insisted on being characterized as a consultant and not an employee, misrepresented to defendants that he would

6

increase sales of accessories, promised to increase sales of products by certain amounts (but failed to do so), and failed in managing PNY's portable power business, among others. (*Compare* Am. Compl. ¶¶ 22, 89-92, *with* SAC, ECF No. 188-4, at ¶¶ 23(a)-(g), 67-72). Overall, these proposed amendments essentially paraphrase and supplement the FLSA retaliation claim that the Court already rejected as futile.

In any event, the proposed factual allegations provide no basis to conclude that defendants' counterclaims are baseless. The Court recognizes that the parties have extremely differing views of this case. Much of the evidentiary support for their respective claims appears to derive from deposition testimony. Indeed, the parties' briefs, and the record thus far, suggest that plaintiff's testimony directly contradicts that of defendant Cohen's on several points, and the parties have differing interpretations of the testimony. (*Compare* ECF Nos. 188-1 at 10-14 *with* 199 at 11-14). The mere existence of competing allegations, however, does not provide a basis to conclude that the counterclaims are "totally baseless." *Eng-Hatcher v. Sprint Nextel Corp.*, Civ. A. No. 07-7350 (BSJ) (KNF), 2006 WL 4865194, at *4 (S.D.N.Y. Oct. 31, 2008). As discussed above with respect to reconsideration, allowing plaintiff's proposed FLSA retaliation claim under such circumstances would be tantamount to holding that a retaliation claim could be brought in any FLSA case in which the defendant files compulsory counterclaims. *See Ergo*, 519 F. Supp. 2d at 780-81.

To be clear, the Court is not making any determination as whether defendants are likely to prevail on their counterclaims. Plaintiff's challenges may well have merit. His proposed FLSA retaliation claim, however, is futile because the counterclaims as alleged are not so baseless as to support such a claim, which is only appropriate in rare cases. Accordingly, plaintiff's motion to file the SAC, even if its filing had not been procedurally improper, is meritless.

7

## CONCLUSION

For the foregoing reasons, it is hereby, **ORDERED** that Plaintiff's Motion is **DENIED**.

The Clerk's Office is respectfully directed to terminate ECF No. 188.


Dated: December 4, 2017

                                          _/s/ Leda Dunn Wettre_
                                          Hon. Leda Dunn Wettre, U.S.M.J.