UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK BERRADA,<br><br>Plaintiffs,<br><br>v.<br><br>GADI COHEN, PNY TECHNOLOGIES, INC.,<br><br>Defendants. | Civil Action No.<br><br>16-574 (SDW) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER** |

## LEDA DUNN WETTRE, U.S.M.J.

Before the Court is plaintiff Mark Berrada's motion for reconsideration[1] of the Court's Order that defendants' counterclaims filed in response to plaintiff's Amended Complaint were filed as of right and therefore did not require Court leave. (ECF Nos. 200, 208). Defendants oppose the motion. (ECF No. 216). For the reasons set forth below, plaintiff's motion is **DENIED**.

## BACKGROUND

The Court assumes familiarity with the background of this action and includes only background relevant to this Opinion. By Opinion and Order of April 24, 2017, the Court granted plaintiff's motion for leave to amend his Complaint to include six of seven new counterclaims that he sought leave to assert, as well as granting him leave to include new factual allegations. (ECF No. 186). Pursuant to that Opinion and Order, plaintiff filed his Amended Complaint on April 26, 2017. (ECF No. 187). On May 10, 2017, defendants filed an Answer to the Amended

---

[1] Plaintiff styles his motion a "motion to vacate" the Court's May 30, 2017 Order but does not specify the rule pursuant to which he seeks vacatur of the Order. (ECF No. 208). The Court deems the motion one for reconsideration pursuant to Local Civil Rule 7.1.

Complaint that included several new factual allegations and counterclaims, all of which are based upon plaintiff's alleged retention of defendant PNY's internal corporate information in violation of a Confidentiality and Non-Disclosure Agreement he signed with PNY. (ECF No. 190 at ¶¶ 81-129).

Thereafter, defendants' counsel wrote the Court to advise that plaintiff's counsel had taken the position that defendants could not file amended counterclaims without leave of Court. (ECF No. 193). They stated that they wished to seek such leave. (*Id.*). Plaintiff responded, raising a concern that defendants had not withdrawn their counterclaims and requesting that the Court strike the new counterclaims without prejudice. (ECF No. 195).

By Order of May 30, 2017, the Court responded to the issue raised by these letters as follows: "Court leave is not required for a responsive pleading filed as of right. Accordingly, the 'Answer and Counterclaims' to the Amended Complaint (ECF No. 90) was properly filed without leave." (ECF No. 200). The question raised by this motion is whether that Order constituted an error of law. Having considered the parties' submissions on this motion, the Court concludes that it does not.

## DISCUSSION

Local Civil Rule 7.1(i) requires a party seeking reconsideration to set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its decision. Reconsideration is appropriate only where the movant demonstrates "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.

2

1999). The only apparent basis for reconsideration asserted here is that the Court erred in determining that defendants' counterclaims were filed as a matter of right.

Federal Rule of Civil Procedure 15 addresses amendments to pleadings and responses to amended pleadings. It delineates when and under what circumstances a party may amend its pleading. With respect to the portion of the rule governing defendants' response to plaintiff's Amended Complaint at issue here, Rule 15(a)(3) provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

That subsection of Rule 15 plainly addresses the *timing* of the filing of a response to an amended pleading. The legal question here is whether anything in that subsection or in any other portion of Rule 15 addresses the permissible *scope* of defendants' response to plaintiff's amended pleading. This Court finds that it does not, and no binding precedent provides otherwise.

This is an issue of statutory construction. The Third Circuit Court of Appeals has instructed that "if the statutory language is clear and plain, a court must give it effect unless the legislative history is such that a literal reading 'will produce a result demonstrably at odds with the intention of [the] drafters.'" *Smith v. Fidelity Consumer Discount Co.*, 898 F.2d 907, 910 (3d Cir. 1990) (alteration in original) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982)). Here, Rule 15(a)(3) provides that "any required response to an amended pleading" must be filed within 14 days or the time remaining to respond to the original pleading "[u]nless the court orders otherwise." Fed. R. Civ. P. 15(a)(3). This subsection of Rule 15 does not provide that Court leave is required to establish the scope of that response to an amended pleading. (In contrast,

3

Rule 15 elsewhere specifically provides where court leave or party consent *is* required, *see* Fed. R. Civ. P. 15(a)(2)).

Some courts have engrafted competing "approaches"—narrow, moderate, or permissive—on to Rule 15 for purposes of determining whether a party is required to seek leave to file amended counterclaims when an amended complaint is filed. *See, e.g.*, *Slim CD, Inc. v. Heartland Payment Sys., Inc.*, Civ. A. No. 06-2256, 2007 WL 2459349, at *6-7 (D.N.J. Aug. 24, 2007) (citing cases). The courts adopting these various approaches have done so primarily based on their interpretations of language in Rule 15 that changed following certain amendments to the Rule that became effective in December 2007. At the time, Rule 15(a) provided that, with respect to amended and supplemental pleadings, "[a] party shall *plead in response to an amended pleading* within the time remaining for response to the original pleading or within 10 days after service of the amended pleading," whichever period was longer, unless the otherwise ordered by the court. Fed. R. Civ. P. 15(a) (2006) (repealed 2007) (emphasis added). In addition, Federal Rule of Civil Procedure 13(f) at the time governed the addition of omitted counterclaims, implying that court leave was required to amend an answer to assert new counterclaims, even when they were filed in response to an amended complaint. *See Virginia Innovation Sciences, Inc., v. Samsung Elecs. Co.*, 11 F. Supp. 3d 622, 629 (E.D. Va. 2014); Fed. R. Civ. P. 13(f) (2008) (abrogated 2009).[2]

---

[2] Based on this reasoning, courts took positions on "the threshold question of what parameters Rule 15(a)'s 'in response to' language place[d] on the ability of parties to file responses to an amended complaint." *Slim CD, Inc.*, 2007 WL 2459349, at *6. Courts adopting the "narrow" approach held that an amended counterclaim must respond only to the changes made by the amended complaint. *See id.* (citing *Nolan v. City of Yonkers*, 1996 WL 120685, at *4-5 (S.D.N.Y. Mar. 19, 1996)). The "moderate" approach provides that an amended counterclaim may be filed without Court leave only if the amended complaint to which it response changed the theory or scope of the case, and, accordingly, the amendments to the counterclaims must be similar in scope to the amendments made to the complaint. *Slim CD, Inc.*, 2007 WL 2459349, at *6. Finally, the

4

The 2007 and 2009 amendments to the Federal Rules of Civil Procedure, however, eliminated the former "in response to" language in Rule 15(a) and abrogated Rule 13(f), leaving Rule 15 as the sole rule governing amendments to pleadings. The relevant portion of Rule 15(a) as it currently stands provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Therefore, the primary reasoning for adopting these various approaches seems to no longer exist.[3] And there is no legislative history or guidance in the Advisory Committee Notes to these Rules stating that the current version of Rule 15 is intended to limit the scope of counterclaims asserted in response to an amended complaint.[4]

---

permissive approach provides that the defendant always has the right to add new counterclaims when the plaintiff amends the complaint, no matter the scope of those counterclaims. *See, e.g., id.*; *Am. Home Prod. Corp. v. Johnson & Johnson*, 111 F.R.D. 448, 453 (S.D.N.Y. 1986).

[3] Although Plaintiff argues that *Patel v. Pandya*, Civ. A. No. 14-8127 (WJM), 2016 WL 3129615 (D.N.J. June 2, 2016), supports the proposition that defendants needed leave to assert expanded counterclaims, the Court in *Patel* considered the matter as subject to Federal Rule of Civil Procedure 15(a)(2), a different subsection than applies here. It therefore stated that "in order for Defendants to now amend or add new counterclaims they require either written consent from the Plaintiffs or leave from this Court," citing to Rule 15(a)(2), despite an amended complaint having been filed. *Id.* at * 2. No party here argues that this application was subject to Rule 15(a)(2), as Rule 15(a)(3) is clearly the subsection that provided the right to respond to plaintiff's Amended Complaint. The Court therefore does not find *Patel* germane to the issue raised by this motion.

[4] Whether or not the absence of such a limitation is good policy or not, that is what the statute provides. If policy dictates otherwise, Rule 15's language may be revisited and amended, as it periodically has been. Until then, other discovery management tools exist to ensure that the assertion of new claims late in the discovery period does not prejudice parties or the expeditious adjudication of their rights. Indeed, that is exactly what the Court ensured here: after the Court granted plaintiff leave to assert six new claims and numerous factual allegations and defendants asserted several of their own new counterclaims close to the end of the discovery period, the Court extended the fact discovery deadline, to allow additional time to complete discovery on the parties' amended claims. (ECF No. 210).

In any event, even if this Court were to adopt the "moderate" approach, which other courts have deemed the predominate one among the courts that have evaluated and adopted such approaches, *see Slim CD, Inc.*, 2007 WL 2459349, at *6, defendants' filing of the amended Counterclaims would be proper. The "moderate" approach provides that an amended counterclaim may be filed without Court leave only if the amended complaint to which it responds changed the theory or scope of the case, and further, the amendments to the counterclaims must be similar in scope to the amendments made to the complaint. *Id.* Here, the Court permitted plaintiff to amend the Complaint to assert new factual allegations and six new claims, including a fraud claim. While plaintiff's new claims did not alter the scope of discovery significantly, nor would defendants' counterclaims, which are all based upon plaintiff's alleged retention of PNY internal corporate information (an allegation that arose, and the parties have explored, during fact discovery). Accordingly, there is no basis to reconsider the Court's Order stating that defendants did not need to seek leave to file their amended counterclaims.

## CONCLUSION

For the foregoing reasons, it is hereby, **ORDERED** that Plaintiff's Motion is **DENIED**. The Clerk is directed to terminate ECF No. 208.

Dated: December 19, 2017

Hon. Leda Dunn Wettre, U.S.M.J.