NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

April 17, 2018

Jonathan I. Nirenberg, Esq.
Rabner Baumgart Ben-Asher & Nirenberg, P.C.
52 Upper Montclair Plaza
Upper Montclair, NJ 07043
*Counsel for Plaintiff*

Thomas Patrick Lane, Esq.
Seth E. Spitzer, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    Berrada v. Cohen, et al.
           Civil Action No. 16-574 (SDW) (LDW)

Counsel:

    Before this Court are Plaintiff Mark Berrada's ("Plaintiff") appeals of Magistrate Judge Leda Dunn Wettre's ("Judge Wettre") Opinions and Orders dated April 24, 2017, May 30, 2017, December 4, 2017, and December 19, 2017.[1] (ECF Nos. 238, 245.)

    This Court, having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78, and for the reasons discussed below, **AFFIRMS** the April 24th, May 30th, December 4th, and December 19th Orders.

## I.    STANDARD OF REVIEW

    Magistrate judges may hear non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a). Parties may appeal a magistrate judge's order within fourteen days of being served

---

[1] Hereinafter, the Opinions and Orders will be referred to as the "April 24th Order," "May 30th Order," "December 4th Order," and "December 19th Order," respectively.

with a copy of the order.[2] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Subsequently, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

The "clearly erroneous" standard of review applies to a magistrate judge's findings of fact. *See Mruz v. Caring, Inc.*, 166 F. Supp. 2d 61, 66 (D.N.J. 2001). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Third Circuit has interpreted this "to mean that the appellate court must accept the factual determination of the fact finder unless that determination 'either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992) (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1302 (3d Cir. 1972)). Therefore, a magistrate judge's decision will not be reversed even if the district judge would have decided the matter differently. *Bowen v. Parking Auth. of Camden*, No. 00-5765, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002).

In contrast, a magistrate judge's legal conclusions are subject to the "contrary to law," or *de novo*, standard of review. *Mruz*, 166 F. Supp 2d at 66; *see also Haines*, 975 F.2d at 91 ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law."). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

## II. DISCUSSION

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant appeals.

### A. Appeal of the April 24th and December 4th Orders[3]

On October 10, 2016, Plaintiff filed a Motion to Amend his Complaint. (ECF No. 161.) Among other things, he sought to include six new claims (i.e., fraud, promissory estoppel, quantum meruit, as well as violations of the New Jersey Wage Payment Act, the New Jersey Wage and Hour Law, and the New Jersey Independent Sales Representative Act). (*Id.*) In a supplemental brief filed on February 10, 2017, Plaintiff sought to add a FLSA retaliation claim. (ECF No. 173.) In her April 24th Order, Judge Wettre granted Plaintiff's motion, but denied Plaintiff's supplemental request to add a FLSA retaliation claim. (ECF No. 186.)

On May 9, 2017, Plaintiff moved to reconsider the portion of the April 24th Order that denied his request to assert a FLSA retaliation claim, or alternatively, to amend the pleadings a

---

[2] This fourteen day timeframe does not apply if a motion for reconsideration has been timely filed and served pursuant to Local Civil Rule 7.1(i). L. Civ. R. 72.1(c)(1). In such a case, "the time to appeal will begin to run when the parties are served with a copy of the Magistrate Judge's order rendering a determination on the merits of such a motion." *Id.*
[3] The April 24th and December 4th Orders both pertain to Plaintiff's proposed claim for retaliation under the Fair Labor Standards Act ("FLSA"); therefore, this Court will discuss Plaintiff's appeal of those Orders together.

2

second time to assert the same FLSA retaliation claim. (ECF No. 188). In her December 4th Order, Judge Wettre denied Plaintiff's motion.[4] (ECF No. 236.)

On December 19, 2017, Plaintiff appealed the April 24th Order and the related December 4th Order. (ECF No. 238.) Defendants Gadi Cohen and PNY Technologies, Inc. (collectively "Defendants") filed their opposition on January 22, 2018, and Plaintiff replied on January 29, 2018. (ECF Nos. 248, 251.)

On appeal, Plaintiff does not take issue with the legal standard that Judge Wettre applied in her April 24th Order, namely that "a counterclaim could be the basis of a retaliation claim only in rare cases where the counterclaim is brought with a retaliatory animus and is baseless." (ECF No. 186 at 14.) Rather, Plaintiff argues that in this case, Judge Wettre should have found that Defendants' Counterclaims are baseless and were brought with a retaliatory animus. In support of his argument, Plaintiff provides a chart comparing the allegations in his proposed Second Amended Complaint with those asserted by Defendants in support of their Counterclaims. (Pl.'s Br. in Support of Appeal at 18-19, ECF No. 238-1.) However, Plaintiff's chart further supports Judge Wettre's observation that "the parties have extremely differing views of this case." (ECF No. 236 at 7.) As she aptly explained, "[t]he mere existence of competing allegations . . . does not provide a basis to conclude that the counterclaims are 'totally baseless.'" (*Id.* (quoting *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-7350, 2006 WL 4865194, at *4 (S.D.N.Y. Oct. 31, 2008)).) It is clear that Judge Wettre found the proposed amendment would be futile because Plaintiff "[did] not plead, or even argue, that [the Counterclaims were] frivolous or sanctionable." (ECF No. 186 at 14.) Her analysis of the potential legal actions Plaintiff could have taken had he found the Counterclaims to be "substantively frivolous" (i.e., move to dismiss) does not diminish her findings as to the insufficiency of Plaintiff's proposed FLSA retaliation claim. (*See id.*) Judge Wettre reiterated her findings in her December 4th Order, and concluded that Plaintiff's "arguments amount to disagreement with the Court's reasoning, which is inappropriate on a motion for reconsideration." (ECF No. 236 at 4.)

Based on the foregoing, this Court finds that Judge Wettre's conclusions were neither clearly erroneous nor contrary to law. She thoroughly considered Plaintiff's request to amend the Complaint, and granted his motion in large part. There was no indication before her that the Counterclaims were completely baseless. *See D'Onofrio v. Borough of Seaside Park*, No. 09-06220, 2012 WL 6672303, at *3 (D.N.J. Dec. 20, 2012) (explaining that the ruling of a magistrate judge who has "managed [the] case from the outset and developed a thorough knowledge of the proceedings[,]" is entitled to "great deference"). Therefore, the April 24th and December 4th Orders are **AFFIRMED**.

B. Appeal of the May 30th and December 19th Orders[5]

Plaintiff filed an Amended Complaint on April 26, 2017. (ECF No. 187.) In response, on May 10, 2017, Defendants filed an Answer, which asserted five new Counterclaims. (ECF No. 190.) Thereafter, the parties each wrote to Judge Wettre with Defendants requesting leave to file

---

[4] This Court notes that the December 4th Order was electronically filed on December 5, 2017. (ECF No. 236.)
[5] The May 30th and December 19th Orders both pertain to the Counterclaims Defendants asserted after Plaintiff filed his Amended Complaint; therefore, this Court will discuss Plaintiff's appeal from those Orders together.

3

the new Counterclaims, and Plaintiff asking the Court to strike those Counterclaims without prejudice. (ECF Nos. 193, 195.) In her May 30th Order, Judge Wettre responded to the parties' letters as follows: "Court leave is not required for a responsive pleading filed as of right. Accordingly, the 'Answer and Counterclaims' to the Amended Complaint (ECF No. 190) was properly filed without leave." (ECF No. 200.)

On June 9, 2017, Plaintiff filed a Motion to Vacate the May 30th Order. (ECF No. 208.) Because Plaintiff did not specify which rule he was relying on to vacate the Order, Judge Wettre deemed Plaintiff's motion to be one for reconsideration pursuant to Local Civil Rule 7.1. (ECF No. 239 at 1 n.1.) In her December 19th Order, Judge Wettre denied Plaintiff's motion.[6] (ECF No. 239.)

On January 3, 2018, Plaintiff appealed the May 30th Order and the related December 19th Order. (ECF No. 245.) Defendants filed their opposition on January 22, 2018, and Plaintiff replied on January 29, 2018. (ECF Nos. 247, 249.)

As a preliminary concern, this Court finds that Plaintiff timely appealed the May 30th Order. Because Judge Wettre deemed Plaintiff's Motion to Vacate the May 30th Order to be a Motion for Reconsideration, Plaintiff's time to appeal did not begin to run until there was a ruling on the motion.[7] *See* L. Civ. R. 72.1(c)(1) (providing an exception to a party's time to appeal an order when a motion for reconsideration of the order has been filed).

Plaintiff appeals Judge Wettre's legal conclusion that Defendants did not need leave of court to file their new Counterclaims.[8] It is Plaintiff's position that the new Counterclaims are untimely because they are outside the scope of the amendments Plaintiff made to his Complaint. (ECF No. 245-1 at 1.) However, pursuant to Rule 15(a)(3), "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). As Judge Wettre explained, "Rule 15 plainly addresses the *timing* of the filing of a response to an amended pleading[,]" and not "the permissible *scope* of defendants' response[.]" (ECF No. 239 at 3.) Therefore, because the Amended Complaint was filed on April 26, 2017, Defendants' Answer and Counterclaims were timely filed on May 10, 2017. (ECF No. 187, 190.) Judge Wettre's determination that Defendants did not need leave of court to establish the scope of their Counterclaims is not contrary to law.

Plaintiff's reliance on *Patel v. Pandya*, No. 14-8127, 2016 WL 3129615 (D.N.J. June 2, 2016), in which the court held that the defendants were not permitted to raise new counterclaims

---

[6] This Court notes that the December 19th Order was electronically filed on December 20, 2017. (ECF No. 239.)

[7] Although Plaintiff agrees that his appeal of the May 30th Order is timely because his Motion to Vacate was deemed to be a Motion for Reconsideration, he simultaneously argues that Judge Wettre improperly treated his motion as one requesting reconsideration. (Pl.'s Br. in Support of Appeal at 8-9, ECF No. 245-1 ("[Plaintiff's] motion to vacate the May 30, 2017 Order . . . was not a true motion for reconsideration.")) Plaintiff's argument that Judge Wettre improperly applied a motion for reconsideration's "deferential standard of review," (*id.* at 8), suffers from the same deficiency addressed in the December 19th Order. Specifically, Plaintiff has not provided an alternative legal basis to vacate the May 30th Order. (ECF No. 239 at 1 n.1.)

[8] Plaintiff's arguments regarding the substance of the new Counterclaims, (i.e., that they are futile), are not properly before the Court.

4

in their amended answer without consent from the plaintiffs or leave of court, is misplaced.[9] Decisions from other district court judges can be persuasive, but are not binding on this Court. *See Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017). As discussed in the December 19th Order, *Patel* is distinguishable because it addressed Rule 15(a)(2) (i.e., other amendments), whereas the Counterclaims in the instant matter concern Rule 15(a)(3) (i.e., time to respond). (ECF No. 239 at 5 n.3.) Additionally, even applying the "moderate approach" discussed in *Patel*, Judge Wettre found that neither Plaintiff's new claims, nor Defendants' new Counterclaims "alter the scope of discovery significantly[.]" (*See* ECF No. 239 at 6.) In other words, because the breadth of changes amongst the pleadings was commensurate, Defendants did not need leave of Court to amend their Counterclaims. Based on the foregoing, this Court finds that Judge Wettre's conclusions were neither clearly erroneous nor contrary to law. Therefore, the May 30th and December 19th Orders are **AFFIRMED**.

### III.  CONCLUSION

For the reasons set forth above, Judge Wettre's May 30th, April 24th, December 4th, and December 19th Orders are **AFFIRMED**. An appropriate Order follows.

                                                     /s/ Susan D. Wigenton
                                                   SUSAN D. WIGENTON, U.S.D.J

Orig:   Clerk
cc:      Parties
        Leda Dunn Wettre, U.S.M.J.

---

[9] In reaching this determination, Judge Martini applied a "moderate approach," whereby defendants are allowed to add new counterclaims as of right, so long as their amendments "reflect the breadth of the changes in the amended complaint." *Patel*, 2016 WL 3129615 at *2 (quoting *Slim CD, Inc. v. Heartland Payment Sys., Inc.*, No. 06-2256, 2007 WL 2459349, at *6 (D.N.J. Aug. 24, 2007)).