UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

October 30, 2018

Craig A. Rubinstein, Esq.
Jonathan I. Nirenberg, Esq.
Rabner Baumgart Ben-Asher & Nirenberg, P.C.
52 Upper Montclair Plaza
Upper Montclair, NJ 07043
*Counsel for Plaintiff*

Thomas Patrick Lane, Esq.
Seth E. Spitzer, Esq.
James S. Richter, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    **Berrada v. Cohen, et al.**
            **Civil Action No. 16-574 (SDW) (LDW)**

Counsel:

      Before this Court is Plaintiff Mark Berrada's ("Plaintiff") Motion for Entry of Final Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 54(b). (ECF No. 309.) This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391. This motion is decided without oral argument pursuant to Rule 78. For the reasons discussed below, Plaintiff's Motion for Entry of Final Judgment is **DENIED**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

      This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant motion.

      On September 27, 2018, Defendants Gadi Cohen and PNY Technologies, Inc.'s (collectively, "Defendants") Motion for Summary Judgment was granted as to all of Plaintiff's

claims and denied as to all of Defendants' counterclaims. (Opinion & Order, ECF Nos. 306-07.) Shortly thereafter, on October 10, 2018, Plaintiff filed the instant Motion for Entry of Final Judgment. (ECF No. 309.) Defendants opposed the motion on October 12, 2018, and Plaintiff replied on October 22, 2018. (ECF Nos. 310-11.)

## II. STANDARD OF REVIEW

"[Rule] 54(b) provides a mechanism for rendering a partial final judgment as to some, but not all, parties or claims in a single action." *Hill v. City of Scranton*, 411 F.3d 118, 124 (3d Cir. 2005). "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is no just reason for delay." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (internal quotation marks omitted); *see also Pet Gifts USA, LLC v. Imagine This Co.*, No. 14-3884, 2018 WL 3849903, at *1 (D.N.J. Aug. 13, 2018).

To avoid "piecemeal appeals," *SEC v. Lucent Techs., Inc.*, No. 04-2315, 2009 WL 4508583, at *3 (D.N.J. Nov. 16, 2009), district courts are to be "conservative" in granting Rule 54(b) certifications and must consider:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Grp., Ltd.*, 455 F.3d at 203 (quoting *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)); *see also Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (holding that a grant of relief under Rule 54(b) is "the exception, not the rule, to the usual course of proceedings in a district court"); *Gerardi v. Pelullo*, 16 F.3d 1363, 1371-72 (3d Cir. 1994).

## III. DISCUSSION

Plaintiff seeks entry of final judgment as to the eleven claims delineated in his Amended Complaint and certification of judgment for immediate appeal. However, granting Plaintiff's motion would require this Court to ignore its "duty to refrain from compelling the Third Circuit Court of Appeals to engage in piecemeal appellate review." *Ferreras v. Am. Airlines, Inc.*, No. 16-2427, 2017 WL 1709597, at *2 (D.N.J. May 1, 2017); *see also Echavarria v. Williams Sonoma, Inc.*, No. 15-6441, 2016 WL 3566986, at *4 (D.N.J. June 30, 2016) (denying a motion for an immediate appeal, and holding that the district courts must "be 'conservative' in utilizing Rule 54(b), particularly when there is a risk of piecemeal appeals"). The operative facts underlying Plaintiff's adjudicated claims and several of Defendants' pending counterclaims

substantially overlap, particularly where they relate to the alleged terms of the parties' contracts, their performance thereunder, and the alleged promises made to induce entry into those contracts. If Plaintiff were permitted to appeal his claims now, there is a possibility that the Third Circuit would have to revisit the same issues on a future appeal after final disposition of Defendants' counterclaims before this Court. Because there is no basis for the extraordinary relief sought, Plaintiff's motion is denied.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Entry of Final Judgment is **DENIED**.[1] An appropriate Order follows.

    /s/ Susan D. Wigenton
    SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
    Leda Dunn Wettre, U.S.M.J.

---

[1] Whereas Rule 54(b) certifications are "left to the sound judicial discretion of the district court[,]" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980), Plaintiff was entitled to ask this Court for the relief sought. Thus, Defendants' informal request that this Court impose sanctions, attorneys' fees, and costs on Plaintiff simply for filing the instant motion is denied.